UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAMIA NELLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-01579-TWP-CSW |
| ) | |
| CREDIT ACCEPTANCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
### HON. MAGISTRATE JUDGE CRYSTAL S. WILDEMAN

This matter is before the Undersigned, pursuant to an Entry Referring Motion to Magistrate Judge, to issue a report and recommendation regarding the appropriate outcome of Plaintiff's *Motion to Remand to State Court and Request for Costs and Fees*. (Dkt. 5). For the following reasons, the Magistrate Judge recommends Plaintiff's motion be **DENIED**. (Dkt. 5).

**I.  BACKGROUND**

This case concerns a dispute between Plaintiff, Kamia Nellum, and Defendant Credit Acceptance Corporation ("Credit Acceptance"), regarding Defendant's repossession of Plaintiff's vehicle. (Dkt. 1). Plaintiff filed her Complaint, seeking $7.5 million in compensatory and punitive damages, in the Superior Court of Marion County, Indiana on July 18, 2025.[1] (*Id.*). Defendant was formally served with a summons and copy of Plaintiff's Complaint on July 22, 2025. (*Id.*). On August 8, 2025, Defendant filed its *Notice of Removal* with this Court, pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (*Id.*).

In response, Plaintiff filed her *Motion to Remand to State Court and Request for Costs and Fees* on August 8, 2025. (Dkt. 5). Plaintiff alleged that

---
[1] Case number 49D12-2507-MI-034197.

remand under 28 U.S.C. § 1447(c) was proper because "Defendant's removal was untimely, procedurally defective, and undertaken in bad faith to delay proceedings." (*Id.*) Plaintiff's Motion referenced a prior lawsuit filed by Plaintiff against Defendant in Marion County on May 10, 2025 as the basis for the removal timeline of Plaintiff's current lawsuit.[2] (*Id.*).

Defendant filed its *Response in Opposition to Plaintiff's Motion to Remand* on August 22, 2025 (Dkt. 9), and Plaintiff filed her *Reply in Support of Motion to Remand* on August 25, 2025. (Dkt. 10). Neither Plaintiff's Motion nor her Reply addressed this Court's subject matter jurisdiction as the basis for Defendant's removal to federal court.

## II.   LEGAL STANDARD

Federal courts have original jurisdiction over cases arising under federal law and over cases between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1331; 28 U.S.C. § 1332. A case may be removed from state court to federal court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441.

Additionally, under 28 U.S.C. § 1446, a "state-court defendant has 30 days to remove an action to federal court from receipt of the complaint or 'other paper' that clarifies that the case has become removable. *Brooks v. USA Track & Field, Inc.*, 659 F. Supp. 3d 966, 971 (S.D. Ind. 2023). Defendant's time to remove "is [not] triggered . . . by mere receipt of the complaint unattended by any formal service." *Murphy Bros v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999). Moreover, the removability of an action is determined based on the filing of documents in the "suit sought to be removed, not in some other suit." *Wisconsin v. Amgen, Inc.,* 516 F.3d 530, 533-34 (7th Cir. 2008).

## III.   ANALYSIS

Defendant followed the proper removal procedure for this action under 28 U.S.C. § 1441.

---

[2] Case number 49D03-2505-MI-022145.

Cases filed in state court may be removed to federal court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction, based on diversity, over cases between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1331; 28 U.S.C. § 1332. Upon formal service, a defendant has 30 days to remove an action to federal court. *Brooks*, 659 F. Supp. 3d at 971. Critically, the removal timeline is based upon the filings in the specific case sought to be removed. *Wisconsin v. Amgen, Inc.,* 516 F.3d at 533-34.

In this case, Plaintiff's Complaint was filed in the Superior Court of Marion County on July 18, 2025. (Dkt. 1). Defendant was formally served with a summons and copy of Plaintiff's Complaint on July 22, 2025. (Dkt. 9). Defendant filed its *Notice of Removal* seventeen days later, on August 8, 2025. (*Id.*). In its Notice, Defendant outlined its basis for removal pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1).

While Plaintiff contends that remand under 28 U.S.C. § 1447(c) is proper because of Defendant's untimely and procedurally defective removal, Plaintiff bases her argument on a removal timeline in a prior lawsuit that Plaintiff filed against Defendant on May 10, 2025. (Dkt. 5). That prior lawsuit was not consolidated with this case. (Dkt. 9). As Defendant notes, it was not served in the prior lawsuit and therefore not subject to the 30-day removal timeline for that lawsuit. (*Id.*). Additionally, if this Court accepts Plaintiff's argument that the removal timeline of the prior lawsuit should affect the instant case, Defendant's deadline to remove this case would have passed on June 12, 2025, roughly six weeks before Plaintiff filed this case.

Plaintiff's *Motion to Remand* relies upon the timeline in a different lawsuit. Defendant properly removed this case. Therefore, Plaintiff's *Motion to Remand* should be denied.

### IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Plaintiff's *Motion to Remand to State Court and Request for Costs and Fees*. (Dkt. 5).

**SO RECOMMENDED.**

Date: September 22, 2025

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kamia Nellum
8776 Bald Eagle Court
Indianapolis, IN 46234

Alan M. Ritchie
Pilgrim Christakis LLP
aritchie@pilgrimchristakis.com