UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAMIA NELLUM,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-01579-JRO-CSW |

## ORDER CONFIRMING ARBITRATION AWARD

This matter comes before the Court on Defendant Credit Acceptance Corporation's Motion to Confirm Arbitration Award. Dkt. [36]. Plaintiff Kamia Nellum did not file a response. For the following reasons, the motion, dkt. [36], is **GRANTED**.

## I. BACKGROUND

Plaintiff filed her six count complaint in state court on or about July 18, 2025, and Defendant timely removed on August 8, 2025. Dkt. 1. The dispute centered around Plaintiff's purchase of a 2017 Chevrolet Malibu via a retail installment contract and Defendant's subsequent repossession of the vehicle. The contract Plaintiff signed contained an arbitration clause. In response to the lawsuit, Defendant sought to compel arbitration pursuant to that signed agreement. Dkt. 14. Plaintiff opposed arbitration. Dkts. 17, 18. The Court entered an Order compelling arbitration, dkt. 24, and stayed the case pending its result. On December 19, 2025, Defendant filed a counterclaim against Plaintiff in the arbitration for breach of contract.

The arbitration took place without Plaintiff's participation. On August 19, 2026, the arbitrator entered his final and binding arbitration award in favor of Defendant and against Plaintiff for the amount of $23,093.51. The final award resolved all claims, counterclaims, requests for relief, defenses and arguments submitted to the Arbitrator. Dkt. 36-1 at 9. The Arbitrator served both Plaintiff and Defendant with a copy of the final award on August 19, 2026. Plaintiff has still not made the payment to Defendant. On October 12, 2026, Defendant petitioned this Court to confirm the award. Dkt. 36.

## II. STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") does not confer subject-matter jurisdiction on federal courts. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law . . . yet it does not create any independent federal-question jurisdiction[.]"). To enforce an arbitration award, a federal court must have an independent basis of jurisdiction based on a federal question or diversity of citizenship. *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1104–05 (7th Cir. 1996).

If the court does have jurisdiction to enforce an arbitration award, judicial review of the award is "extremely limited." *United States Soccer Fed'n, Inc. v. United States Nat'l Soccer Team Players Ass'n*, 838 F.3d 826, 831 (7th Cir. 2016) (citation omitted). Section 9 of the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the

> court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

### III. DISCUSSION

This Court has an independent source of jurisdiction because Plaintiff's underlying Complaint invoked diversity jurisdiction. Plaintiff and Defendant are citizens of different states and Plaintiff alleged damages in the amount of $3.5 million. Dkt. 1-1 at 8. And because this Court stayed the proceeding pending arbitration rather than dismissing it, dkt. 24, it retained jurisdiction to enforce that award. *See Davis v. Fenton*, 857 F.3d 961, 962–63 (7th Cir. 2017) (finding district court had jurisdiction to grant defendant's motion to confirm arbitration award where the underlying complaint was based on federal question jurisdiction and district court stayed case pending arbitration.). As such, this Court can properly rule on Defendant's Motion.

The Court turns next to confirmation of the award. The FAA limits the grounds on which an arbitration award can be set aside. *IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 649–650 (7th Cir. 2001). There are three inquiries before for this Court. First, whether the text of the Agreement shows the parties agreed a judgment of the court shall be entered upon the arbitration award. 9 U.S.C. § 9. Second, whether a party to the arbitration moved to confirm the award within a year of its issuance. *Id.* Finally, whether there are grounds for vacating, modifying, or correcting the award. *Id.*

As to the first inquiry, the Agreement contemplated judicial enforcement of the arbitration award. The text of the agreement states that "Judgment on the arbitration award may be entered in any court with jurisdiction." Dkt. 16-1 at 5. As to the second inquiry, Defendant moved to confirm the award within one year of its issuance. The arbitrator issued the award on August 19, 2026, and Defendant filed the present motion, dkt. 36, on October 12, 2026.

As to the third inquiry, the Court must confirm the arbitration award "unless [it] is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. Plaintiff did not respond to Defendant's Motion and has not provided any basis for vacating, modifying, or correcting the award. Under the FAA, a losing party must challenge the arbitration award within three months of its filing. 9 U.S.C. § 12. "[The] failure to challenge an arbitration award within the applicable limitations period renders the award final." *Int'l Union of Operating Eng'rs, Local 150, AFL–CIO v. Centor Contractors, Inc.*, 831 F.2d 1309, 1311 (7th Cir. 1987). The FAA sent both parties a letter on August 19, 2026, notifying them that the matter before the FAA was closed and dismissed with prejudice. Dkt. 36-1 at 8. Thus, Plaintiff's three-month window to file a motion to vacate, modify, or correct the award expired on November 19, 2026.

Moreover, there is no indication that the award could be challenged under the exceptions listed in Sections 10 or 11 of the FAA. Nothing shows the award was procured by fraud, nor is there any evidence of impartiality or misconduct on behalf of the arbitrator. 9 U.S.C. § 10(a)(1)–(3). There is no indication of a miscalculation or imperfection in the award or that the arbitrator decided upon

a matter that was not submitted to them. *Id.* § 11(a)–(c). Thus, because this Court "is satisfied that the arbitrator's resolved the entire dispute and can figure out what the resolution is," the award must be confirmed. *IDS Life Ins. Co.*, 266 F.3d at 650–51.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Confirm Arbitration Award, dkt. [36], is **GRANTED**. The Arbitration Award dated August 19, 2026, is hereby **CONFIRMED**. The Court notes Plaintiff's mail was twice returned as undeliverable. Dkts. 25, 29. The Court will nonetheless mail a copy of this Order to Plaintiff's address of record. If the mail is returned as undeliverable, a copy of this Order shall be available and provided by the Clerk upon request. Final Judgment will be issued by separate entry.

**SO ORDERED.**

Date: 11/24/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KAMIA NELLUM
8776 Bald Eagle Court
Indianapolis, IN 46234

Alan M. Ritchie
Pilgrim Christakis LLP
aritchie@pilgrimchristakis.com